IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

TAWANA HANSBERRY                                                  PLAINTIFF

v.                              No. 2:13-cv-126-DPM

U.S. POSTAL SERVICE, PATRICK
DONAHOE, Postmaster General, USPS;
NATIONAL RURAL LETTER CARRIERS'
ASSOCIATION; and SHIRLEY BRANSCUM,
Arkansas representative, National Rural Letter
Carriers' Association                                          DEFENDANTS

ORDER

Tawana Hansberry is a rural letter carrier for the United States Postal

Service in Marianna, Arkansas. She also served as a local union steward for

the National Rural Letter Carriers Association for nearly ten years, before she

was decertified in May 2013. In this *pro se* action, Hansberry alleges that the

USPS is discriminating against her based on race, color, and sex, № *1 at 2*, and

is retaliating against her because she complained about workplace

discrimination and participated in an employment discrimination case for

another USPS employee. № *1 at 6.* The NRLCA and its District

Representative, Shirley Branscum, are in the case because Hansberry says

they conspired with the USPS to decertify her as the local union steward. № 1 *at 6*. Hansberry asks that Defendants stop discriminating against her and reinstate her union steward position. № 1 at 3.

But Hansberry, a postal employee, "must exhaust applicable administrative remedies before commencing a Title VII action in federal court." *Patrick v. Henderson*, 255 F.3d 914, 915 (8th Cir. 2001). Hansberry twice requested pre-complaint counseling. № 1 at 8-10 & 13-15. And in response to her requests, she received a letter from the USPS notifying her of her right to file a formal administrative complaint, № 1 at 4. Hansberry mistakes this letter for an EEOC right-to-sue letter, № 1 at 2. The USPS letter, however, only authorized her to file an EEO complaint internally, not to file a complaint in this Court. 29 C.F.R. § 1614.105.

Hansberry did not complete the administrative process before filing suit. The complaint and its attachments reveal that she did not file a formal administrative complaint within the required fifteen-day window. And she never got a final administrative word on her allegations, which is a precondition to suing. Hansberry therefore has failed to exhaust. *Patrick*, 255 F.3d at 915.

Defendants' motion to dismiss, № 4, granted.  Hansberry's complaint is dismissed without prejudice for failure to exhaust her administrative remedies.  Motion, № 10, denied as moot.

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

16 December 2013